## Collett v. Fordson Coal Co.

(Decided Oct. 19, 1937.)

J. M. MUNCY for appellant.

CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Shelby Collett brought an action against the Fordson Coal Company to recover possession of two tracts of land located on Bowens creek in Leslie county, and for damages in the sum of $500. In its answer and counterclaim, the defendant asserted superior paper title to the two tracts of land, and further alleged that in an action in the United States District Court for the Eastern District of Kentucky, where the G. F. Stearns Land & Lumber Company, its predecessor in title, was plaintiff, and Elizabeth Collett and George Collett, plaintiff's grantors, were defendants, the G. F. Stearns Land & Lumber Company was adjudged to be the owner of one of the tracts of land and was entitled to the immediate possession thereof as against Elizabeth Collett and George Collett. The judgment of the United States District Court was rendered November 25, 1901. The defendant asked that its title to the land be quieted. The case was transferred to the equity docket, and, upon submission, the court adjudged the Fordson Coal Company to be the owner of the land in controversy, and plaintiff has appealed.

The second tract of land described in the petition is part of a 200-acre tract of land for which a patent was granted to W. H. De Groot and others July 7, 1870. By mesne conveyances, the G. F. Stearns Land & Lumber Company became the owner, and conveyed the land to the Fordson Coal Company. Appellant traces his title to this tract to a patent issued to Sarah Chappell July 14, 1890. He claims that the patent issued to De Groot and others in 1870, under which appellee holds title, is void because the warrant upon which the patent was granted was not issued by the county court of Clay county, the county in which the land was then located, and that therefore his title is superior to appellee's title. It is insisted by appellee that since a collateral attack upon a grant from the state cannot be made unless it affirmatively appears that the grant is void on its face, or was issued in violation of some statute, or under circumstances that a statute declares to be fraudulent, the appellee, claiming under a junior patent, cannot attack a senior patent because there was no warrant behind it, and he cites Craig v. Trustees of Transylvania, Ky. Dec. 155. Be that as it may, we think he is on safe

ground in relying upon the judgment of the United States District Court which quieted the title to this tract in 1901 as between appellee's grantor and Elizabeth Collett and George Collett, who later undertook to convey it to appellant. The court had jurisdiction of the parties and the subject-matter, and adjudged the G. F. Stearns Land & Lumber Company to be the owner of the land. On June 23, 1904, the Stearns Company filed in the office of the county clerk of Leslie county a notice of the proceedings in the United States District Court, as required by section 2358a-1, Kentucky Statutes. George Collett and Elizabeth Collett, his wife, remained in possession of part of the land until November 1, 1916, when the Stearns Company caused a habere facias to issue on the judgment. Among the others named in the writ were George Collett and Elizabeth Collett, but the writ was not executed as to them because they agreed to lease the land from the G. F. Stearns Land & Lumber Company. George Collett signed the lease in the presence of a number of persons, including the United States Marshal, who had the writ in his possession. Elizabeth Collett was present. Thereafter, on April 14, 1921, George Collett and Elizabeth Collett undertook to convey the land to appellant, their son. The Colletts were estopped, both by the judgment and the lease, from denying the title of the G. F. Stearns Land & Lumber Company. Cruse v. Haggard, 241 Ky. 442, 44 S. W. (2d) 290; Sizemore v. Trimble (Ky.) 80 S. W. 477, 26 Ky. Law Rep. 8. It follows that appellant's claim that his mother acquired title by adverse possession is without merit.

The first tract of land described in the petition is part of a tract patented by Reuben Chappell in 1890. Elizabeth Collett, mother of appellant, was the daughter of Reuben Chappell. A part of this tract was conveyed by Reuben Chappell to his daughter, Sallie Hollen, in 1897, and a part to his son, Carter Chappell, in 1902. Carter Chappell conveyed his part of the tract to his sister, Sallie Hollen, and her husband, Henry Hollen, in 1905. Sallie Hollen and her husband conveyed the entire tract to Francis S. Peabody, trustee, in 1920, and on March 21, 1923, Francis S. Peabody's heirs, devisees, executors, and trustees conveyed it to the Fordson Coal Company. Sallie Hollen and her husband, Henry Hollen, testified that they lived on the land and had possession of it until they sold it to Peabody in 1920, and remained

in possession of it for two or three years thereafter under a lease from Peabody. Appellant failed to show title to this tract by adverse possession. There is no proof that either he or his grantors ever had actual possession of any part of it. We conclude that the circuit court correctly adjudged the appellee to be the owner of the two tracts of land.

Judgment affirmed.